# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2698 | **DATE** | 6/11/2012 |
| **CASE TITLE** | Nathaniel Matthews vs. Daisey Lopez, et al. | | |

**DOCKET ENTRY TEXT**

The Court denies plaintiff's motion to proceed *in forma pauperis* [# 3] and dismisses his complaint for the reasons stated below. Unless plaintiff files, by 7/5/12, a proposed amended complaint that states a viable federal claim against a properly suable defendant, the Court will enter final judgment against him. The Clerk is directed to mail plaintiff an amended complaint form for employment discrimination cases.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Nathaniel Matthews has filed a *pro se* lawsuit under Title VII of the Civil Rights Act of 1964, alleging employment discrimination based on his race and religion. His former employer was Westside Holistic Family Center. It appears that Mr. Matthews may have initially intended to sue Westside, but he struck Westside from the list of named defendants, and the body of his complaint and the attachments make it clear that he only intends to sue several individuals associated with Westside - Daisey Lopez, Joanne Anderson, and Linda Vick.

Mr. Matthews has moved for leave to proceed *in forma pauperis* (IFP), that is, without paying the usual filing fee. For this reason, the Court considers whether the complaint is legally frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. 1915(e)(2). The Court denies Mr. Matthews' IFP motion because he has not stated a claim against any of the named individual defendants. The only proper defendant in a Title VII case is the plaintiff's employer (in this case the former employer), which was Westside, not the individuals whom plaintiff proposes to sue. *See Carver v. LaSalle County*, 243 F.3d 379, 81 (7th Cir. 2001) (citing *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995)).

Because Mr. Matthews has not sued a properly suable defendant, his complaint fails to state a claim upon which relief may be granted. Thus, in addition to denying Mr. Matthews' IFP motion, the Court dismisses his complaint.

| | Courtroom Deputy Initials: | mk |
|---|---|---|